# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                          Case No. 17-CR-175

**TORRENCE HARRIS, SR., ET AL,**

    Defendants.

### REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO SUPPRESS

On October 17, 2017, a grand jury in this district charged Fontae Kelly with knowingly and intentionally conspiring with other persons to possess with the intent to distribute and to distribute a mixture and substance contacting a detectable amount of a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). Mr. Kelly has pled not guilty.

Before the Court is Mr. Kelly's motion to suppress all evidence obtained from warrantless video surveillance of the apartment in question. He asserts that law enforcement installed a video surveillance camera inside an apartment complex in violation of the Fourth Amendment. For the reasons explained below, the Court recommends that Mr. Kelly's motion to suppress be denied.

### BACKGROUND

Based on an investigation into drug distribution activities involving defendant and others, law enforcement installed a video surveillance camera in the

hallway on floor level B of 2220 N. Martin Luther King Drive, Milwaukee, in September 2017. Motion to Suppress Fruits of Apartment Video Surveillance Searches 1. The video camera pointed at the exterior door to apartment unit B41 ("the apartment"). *Id*. at 2. Law enforcement also installed a "pole camera" on a utility pole in proximity to that same apartment complex. Response To Motion To Suppress Fruits of Apartment Video Surveillance Searches 1. On September 27, 2017, law enforcement executed a search warrant for unit B41 and found approximately 10 ounces of heroin, 33 grams of Fentanyl, a kilo press, a grinder, and a firearm. *Id*. at 2.

## ANALYSIS

The Fourth Amendment protects citizens from unreasonable searches and seizures. To determine whether a person was subjected to an unreasonable search, a court must consider whether a trespass by law enforcement occurred, or whether an individual's reasonable expectation of privacy was violated by law enforcement. *United States v. Jones*, 565 U.S. 400, 408-409 (2012). While the government bears the burden of justifying a warrantless search, a defendant objecting to a search bears the burden of showing a legitimate expectation of privacy in the area searched. *United States v. Villegas*, 495 F.3d 761, 767 (7th Cir. 2007).

A legitimate expectation of privacy exists when (1) the individual exhibits a subjective expectation of privacy; and (2) the individual's expectation of privacy "is one that society is prepared to recognize as reasonable." *United States v. Yang*, 478 F.3d 832, 835 (7th Cir. 2007) (citing *Katz v. United States*, 389 U.S. 347, 361 (1967)).

2

Case 2:17-cr-00175-PP    Filed 02/19/19    Page 2 of 6    Document 219

Court's typically extend the greatest protection to the home, which includes both the residence structure and the home's curtilage, i.e. the area outside the home itself but so close to and intimately connected with the home and the activities that normally go on there, that it can reasonably be considered part of the home. *Bleavins v. Bartels*, 422 F.3d 445, 450-51 (7th Cir. 2005).

However, a person does not have a reasonable expectation of privacy on what he knowingly exposes to the public, even in his own home. *California v. Ciraola*, 476 U.S. 207, 213 (1986). In *Ciraola*, the Supreme Court stated:

> That the area is within the curtilage does not itself bar all police observation. The Fourth Amendment protection of the home has never been extended to require law enforcement officers to shield their eyes when passing by a home on public thoroughfares. Nor does the mere fact that an individual has taken measures to restrict some views of his activities preclude an officer's observations from a public vantage point where he has a right to be and which renders the activities clearly visible.

476 U.S. at 213. Further, courts have held that police may use technology to enhance or substitute for surveillance which they could lawfully conduct themselves. *See United States v. Knotts*, 460 U.S. 276, 282 (1983) ("Nothing in the Fourth Amendment prohibited the police from augmenting the sensory faculties bestowed upon them at birth with such enhancement as science and technology afforded them in this case.").

Mr. Kelly argues that because he sought to preserve as private the sum of his movements while entering and leaving the apartment complex, including unit B41, the government's intrusion via video surveillance from the two cameras constituted unreasonable searches in violation of the Fourth Amendment. Motion to Suppress 2.

3

The government counters that Mr. Kelly had no legitimate expectation of privacy in either the hallway or the outer perimeter of the apartment complex because he did not reside there. Resp. 3. The law is on the side of the government.

The Seventh Circuit has held that an individual does not have a reasonable expectation of privacy in the common areas of a building, including a building's entrances, to which postal carriers, custodians, peddlers, etc., have access. *See United States v. Concepcion*, 942 F.2d 1170, 1172 (7th Cir. 1991). It is undisputed that the video camera was installed in a hallway shared by multiple dwellers on the B level of the apartment and monitored the exterior entrance, rather than the interior, of unit B41. The pole camera was installed outside of the apartment complex and also monitored only the exterior entrances and not the interior of unit B41. According to the Seventh Circuit, the "area outside one's door lacks anything like the privacy of the area inside." *Id*.

To further his argument, Mr. Kelly cites the Supreme Court's recent *Carpenter* decision for the proposition that he had a reasonable expectation in the aggregate of his physical movements while entering and leaving the apartment. *Carpenter v. United States*, 138 S. Ct. 2206, 2221 (2018) (holding that when the government accessed defendant's CSLI (cell-site location information), it invaded his reasonable expectation of privacy in the whole of his physical movements). Yet, the *Carpenter* Court emphasized that its "narrow" holding did not "call into question conventional surveillance techniques and tools, such as security cameras." *Carpenter*, 138 S. Ct. 2200.

4

Moreover, *Carpenter* is not analogous to the present case. While *Carpenter* questioned the warrantless acquisition of CSLI, which could provide law enforcement with a detailed history of a person's whereabouts throughout the day and over many days or years, the installed cameras at issue here only captured Mr. Kelly's comings and goings from one particular place for approximately nine days. *See Carpenter*, 138 S. Ct. at 2260; Motion to Suppress 6-7. Additionally, neither camera captured any activities or movements that couldn't ordinarily be observed by neighbors, postal workers, or even law enforcement. "What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." *Ciraolo*, 476 U.S. at 213 (citing *Katz v. United States*, 389 U.S. 347).

For these reasons, the Court finds that Mr. Kelly has failed to establish that law enforcement violated his reasonable expectation of privacy when they monitored his comings and goings from a specific apartment via video surveillance. Therefore, it is recommended that Mr. Kelly's motion to suppress the fruits of the video surveillance be denied.

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that defendant Fontae Kelly's motion to suppress evidence, ECF No. 195, be **DENIED**.

Your attention is directed to General L. R. 72(c) (E.D. Wis.), 28 U.S.C. § 636(b)(1)(B), and Federal Rules of Criminal Procedure 59(b) or 72(b), if applicable, whereby written objections to any recommendation herein, or part thereof, may be

filed within fourteen days of the date of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin, this 19th day of February, 2019.

**BY THE COURT:**

*s/ David E. Jones*
DAVID E. JONES
United States Magistrate Judge